IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY THOMAS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 04-1737** |
| | : | |
| **WILLIAM J. WOLF, et al.** | | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                           **August 18 , 2005**

Now before the Court is the pro se petition of Gregory Thomas ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the State Correctional Institution in Frackville, Pennsylvania. For the reasons that follow, the petition will be denied.

**I.        PROCEDURAL HISTORY**

On November 2, 1990, a jury sitting in the Court of Common Pleas of Philadelphia convicted petitioner of first-degree murder, second-degree murder, aggravated assault, criminal conspiracy, burglary, two counts of robbery, and two counts of possession of an instrument of crime. (March Term, 1989, Nos. 1680-1688.) After the denial of post-verdict motions, Petitioner was sentenced to two concurrent life sentences for the murder convictions, to be followed by five to ten years imprisonment for the robbery conviction.[1] On November 4, 1992, the Pennsylvania Superior Court affirmed both the judgment and the sentence with the exception of the conviction for aggravated assault, which it remanded for the imposition of a sentence for

---

[1] Sentences for the additional convictions were to be served concurrently with the robbery sentence.

simple assault. Commonwealth v. Thomas, 620 A.2d 1238 (Pa. Super. Ct. 1992) (table). Petitioner thereafter filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on April 6, 1993. Commonwealth v. Thomas, 626 A.2d 1157 (Pa. 1993) (Table).

On January 15, 1997, Petitioner filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. The PCRA court dismissed the petition on April 20, 1998. Petitioner then appealed, and on August 13, 1999, the Pennsylvania Superior affirmed the judgment of the PCRA court. Commonwealth v. Thomas, No. 1501 Phila. 1998 (Pa. Super. Ct. Aug. 13, 1999). Petitioner did not pursue review from the Pennsylvania Supreme Court.

Petitioner filed the instant application for a Writ of Habeas Corpus on April 14, 2004. The Court designated United States Magistrate Judge Thomas J. Rueter to submit a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(I)(b). In his Report and Recommendation, Magistrate Judge Rueter found that Petitioner's claims are barred by the applicable statute of limitations. Petitioner filed timely objections in which he challenges Magistrate Judge Rueter's findings. Because Petitioner has objected to Magistrate Judge Rueter's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

**II. LEGAL STANDARD**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq. Habeas petitions under AEDPA are subject to a one year statute of limitations, which runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

### III. ANALYSIS

Because Petitioner's conviction became final before the effective date of AEDPA, the statute of limitations commenced running on April 24, 1996, the date on which AEDPA was enacted. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). It continued to run until January 15, 1997, when Petitioner filed his PCRA petition. 28 U.S.C. § 2244(d)(2). At that point, Petitioner had 98 days to apply for federal habeas relief. The statute of limitations period was tolled during the entire time that Petitioner's PCRA petition was under review. That review effectively ended on September 11, 1999, when the deadline passed for appealing the Superior Court's denial of Petitioner's PCRA petition, at which point the statute of limitations resumed running. See Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000) ("[T]he period of limitations tolls during the time the prisoner has to seek review of the Pennsylvania Superior Court's decision whether or not review is actually sought."). The statute of limitations for Petitioner's habeas claims consequently expired 98 days later on December 18, 1999. The instant petition,

which was not filed until April 14, 2004, is therefore clearly time-barred.

Petitioner, however, contends that the Court should exercise its equitable powers to toll the statute of limitations. The statute of limitations under AEDPA is subject to equitable tolling, but "<u>only</u> when the principle of equity would make the rigid application of a limitation period unfair." <u>Miller v. New Jersey State Dep't of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998) (emphasis added). To be eligible for equitable tolling, a habeas petitioner must show that: "'(1) [he] has in some extraordinary way been prevented from asserting his or her rights;' and (2) that ... 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'" <u>Merritt v. Blaine</u>, 326 F.3d 157, 168 (3d Cir. 2003) (quoting <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001)).

Petitioner has failed to make the required showing for equitable tolling. Accordingly, the Court finds that Petitioner's claims are time-barred.

**IV. CONCLUSION**

Petitioner filed his application for habeas relief after the statute of limitations had expired and has failed to show that he is entitled to equitable tolling. His petition is therefore time-barred and will be denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY THOMAS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 04-cv-1737 |
| | : | |
| **WILLIAM J. WOLF, et al.** | : | |

### ORDER

**AND NOW**, this 18th   day of August, 2005, upon consideration of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (docket no. 17) and Petitioner's Objection thereto, and after de novo review of the pleadings and record in this case, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (docket no. 1), is **DENIED** and **DISMISSED**;

3. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.

BY THE COURT:

_S/ Bruce W. Kauffman____
**BRUCE W. KAUFFMAN,  J.**